| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>FORMAN HOLT ELIADES & RAVIN LLC<br>80 Route 4 East, Suite 290<br>Paramus, New Jersey 07652<br>(201) 845-1000<br>Attorneys for Defendants<br>Joseph M. Cerra (JC 0903) | |
| In Re:<br><br>FRED J. MEYERS and ELIZABETH MEYERS,<br><br>                            Debtors. | Case No.: 09-37551<br><br>Chapter 11 |
| RICHARD CLARK and LESLIE CLARK; ALBERT SPAGNUOLO and SANDRA M. SPAGNUOLO; and JOHN V. ANSELMO,<br><br>                            Plaintiffs,<br><br>- against –<br><br>FRED J. MEYERS AND ELIZABETH MEYERS,<br><br>                            Defendants. | Adv. Pro. No. 10-01041 |

**ANSWER TO COMPLAINT OF DEFENDANT ELIZABETH MEYERS WITH
<u>COUNTERCLAIM AGAINST RICHARD AND LESLIE CLARK</u>**

Defendant Elizabeth Meyers (the "Defendant"), by way of Answer to the Complaint of the plaintiffs, Richard Clark, Leslie Clark, Albert Spagnuolo, Sandra M. Spagnuolo and John V. Anselmo (collectively the "Plaintiffs"), respectfully state as follows:

**<u>JURISDICTION</u>**

1.    Defendant admits the allegations of Paragraph "1" of the Complaint.

**<u>BACKGROUND COMMON TO ALL PLAINTIFFS</u>**

2.    Defendant admits the allegations of Paragraph "2" of the Complaint.

3. With respect to the allegations of Paragraph "3" of the Complaint, Defendant states that the allegations are too vague to be admitted or denied, except to state that the Clark plaintiffs were never "business acquaintances" of the defendant Elizabeth Meyers.

4. Defendant admits the allegations of Paragraph "4" of the Complaint.

5. With respect to the allegations of Paragraph "5" of the Complaint, Defendant states that the allegations are too vague to be admitted or denied, except to state that the Anselmo plaintiff was never a "business acquaintance" of the defendant Elizabeth Meyers.

6. Defendant denies the allegations of Paragraph "6' of the Complaint.

7. Defendant denies the allegations of Paragraph "7" of the Complaint.

8. Defendant denies the allegations of Paragraph "8" of the Complaint.

9. Defendant denies the allegations of Paragraph "9" of the Complaint.

10. Defendant denies the allegations of Paragraph "10" of the Complaint.

11. Defendant denies the allegations of Paragraph "11" of the Complaint.

12. Defendant denies the allegations of Paragraph "12" of the Complaint.

13. Defendant denies the allegations of Paragraph "13" of the Complaint.

14. Defendant denies the allegations of Paragraph "14" of the Complaint.

15. Defendant denies the allegations of Paragraph "15" of the Complaint.

16. Defendant denies the allegations of Paragraph "16" of the Complaint to the extent that it alleges that the Defendant Elizabeth Meyers caused the filing of an Assignment for the Benefit of Creditors of Preakness Chevrolet, Inc.

17. Defendant denies the allegations of Paragraph "17" of the Complaint.

18. Defendant denies the allegations of Paragraph "18" of the Complaint.

## FIRST COUNT

19. Defendant repeats her responses to Paragraphs "1" through "18" as if set forth at length here.

20. Defendant admits the allegations of Paragraph "20" of the Complaint.

21. Defendant admits the allegations of Paragraph "21" of the Complaint.

22. With respect to the allegations of Paragraph "22" of the Complaint, the Defendant admits that the defendants defaulted in the payment of the promissory note, but denies the allegations that none of the principal on the notes had been repaid.

23. Defendant admits the allegations of Paragraph "23" of the Complaint, except that he denies knowledge sufficient to form a belief as to the asserted basis for the amount of the judgment.

24. Defendant denies the allegations of Paragraph "24" of the Complaint.

25. Defendant denies the allegations of Paragraph "25" of the Complaint.

## SECOND COUNT

26. Defendant repeats her responses to Paragraphs "1" through "25" as if set forth at length here.

27. Defendant admits the allegations of Paragraph "27" of the Complaint.

28. Defendant admits the allegations of Paragraph "28" of the Complaint.

29. Defendant admits the allegations of Paragraph "29" of the Complaint.

30. With respect to the allegations of Paragraph "30" of the Complaint, Defendant admits that he defaulted on the promissory notes but denies the balance of the allegations.

31. Defendant denies the allegations of Paragraph "31" of the Complaint.

32. Defendant denies the allegations of Paragraph "32" of the Complaint.

33. Defendant denies the allegations of Paragraph "33" of the Complaint.

## THIRD COUNT

34. Defendant repeats her responses to Paragraphs "1" through "33" as if set forth at length here.

35. Defendant admits the allegations of Paragraph "35" of the Complaint.

36. Defendant denies the allegations of Paragraph "36" of the Complaint.

37. Defendant denies the allegations of Paragraph "37" of the Complaint.

## AFFIRMATIVE DEFENSES

38. Defendant Fred Meyers was the owner of a certain Preakness Chevrolet automobile dealership. Preakness Chevrolet was an authorized General Motors dealership and received floor plan financing from General Motors (the "Automobile Franchise"). Due to the well known financial problems involving General Motors (including the ultimate General Motors bankruptcy filing), the Automobile Franchise was terminated by General Motors causing Preakness Chevrolet to close and file for an Assignment for the Benefit of the Creditors. The closure of Preakness Chevrolet was the cause of the alleged loan defaults. Under the circumstances, the alleged loan defaults should be excused or discharged.

39. Plaintiffs are barred from recovery by virtue of the fact that the terms of the promissory note and interest rates charged were usurious.

40. Plaintiffs are barred from recovery by their failure to state a cause of action upon which relief can be granted.

41. Plaintiffs are barred from recovery by the Doctrine of Unclean Hands.

42. Plaintiffs are barred from recovery by the Doctrine of Unjust Enrichment.

43. Plaintiffs are barred from recovery by the Doctrine of Accord and Satisfaction.

44. Plaintiffs have failed to mitigate damages.

45. Plaintiffs have not been damaged by any action of defendant.

46. Plaintiffs are barred from recovery by the applicable statute of limitations.

47. Plaintiffs are barred from recovery by the Doctrine of Waiver.

48. Plaintiffs are barred from recovery by the Doctrines of Latches.

**WHEREFORE**, defendant, Elizabeth Meyers demands judgment against the plaintiffs Robert Richard Clark, Leslie Clark, Albert Spagnuolo, Sandra M. Spagnuolo and John V. Anselmo. dismissing their complaint, with costs and with attorney's fees, and for whatever further relief this Court deems just and proper.

## COUNTERCLAIM AGAINST RICHARD AND LESLIE CLARK

The Defendant/Counterclaimant Elizabeth Meyers, by and through her attorneys Forman Holt Eliades & Ravin LLC, by way of Counterclaim against the Plaintiff/Counterclaim Defendants Richard and Leslie Clark, respectfully states as follows:

1. On October 19, 200, Elizabeth Meyers and Fred J. Meyers filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.

2. On January 5, 2010, the Counterclaim Defendants caused a judgment to be docketed and recorded against Fred J. Meyers and Elizabeth Meyers, which thus purported to create a state-wide lien on real estate owned by the Debtors.

3. The Counterclaim Defendants violated the automatic stay provision of the Bankruptcy Code, 11 U.S.C. §362, by docketing and recording the judgment after the Debtors' Filing Date.

4. At the time of the docketing and recording of the judgment, the Counterclaim Defendants had actual notice and knowledge of the Debtor's bankruptcy filing.

5. On August 24, 2010, counsel for the Debtors wrote to counsel for the Counterclaim

Defendants and demanded that the judgment lien be vacated.

6.    The Counterclaim Defendants refused to take action necessary to vacate the judgment lien.

7.    This Counterclaim is authorized by 11 U.S.C. §362(k) and falls within this Court's "core" jurisdiction pursuant to 28 U.S.C. §157(a) and 157(b)(1) and (b)(2)(A).

WHEREFORE, Counterclaim Plaintiff Elizabeth Meyer demands judgment against the Counterclaim Defendants Richard Clark and Leslie Clark for actual damages, including costs and attorneys' fees, punitive damages, and for whatever further relief that the Court deems just and proper.

Dated: September 30, 2010                          By: /s/ Joseph M. Cerra
                                                                           Joseph M. Cerra