# UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

M.L. KING, JR. FEDERAL BUILDING

50 WALNUT ST., 3RD FLOOR

NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693

BANKRUPTCY JUDGE  Fax: (973) 645-2606

**FILED**

JAMES J. WALDRON, CLERK

**JUNE 29, 2011**

U.S. BANKRUPTCY COURT

NEWARK, N.J.

BY: s/ Ronnie Plasner, DEPUTY

**NOT FOR PUBLICATION**

June 29, 2011

**LETTER OPINION**

**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Picinich & McClure, LLC.
William R. McClure, Esq.
201 West Passaic Street, Suite 204
Rochelle Park, New Jersey 07662
*Counsel for Plaintiffs,*
*Richard Clark and Leslie Clark*

Forman, Holt, Eliades & Ravin, LLC.
Joseph M. Cerra, Esq.
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
*Counsel for Defendants,*
*Fred J. Meyers and Elizabeth Meyers*

**Re:** **Clark, et al. v. Meyers**
**Adv. Pro. No. 10-01041 (DHS)**
**In re Fred J. and Elizabeth Meyers**
**Case No. 09-37551 (DHS)**

Page 2
June 29, 2011

Dear Counsel:

    Before the Court is a motion by the Defendant-Debtors, Fred and Elizabeth Meyers ("Defendants" or "Debtors"), seeking summary judgment on a counterclaim against Richard and Leslie Clark ("Plaintiffs" or "Clarks") for violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(5). The Plaintiffs oppose the motion, alleging that all conduct obtaining the judgment lien in question occurred pre-petition, and therefore was not violative of the automatic stay.

    For the reasons that follow, the Court finds that Plaintiffs' judgment lien was not perfected as of the petition date and that the post-petition perfection was void. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), 157(b)(1), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This proceeding is a core proceeding pursuant 28 U.S.C. § 157(b)(2)(k). Venue is proper under 28 U.S.C. § 1409. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## FACTS AND PROCEDURAL HISTORY

    The material facts are not in dispute. In May 2009, the Clarks commenced a suit in the Superior Court of New Jersey, Law Division, Bergen County, alleging that the Defendants defaulted on certain promissory notes payable to them. On October 9, 2009, a final money judgment was signed by the court and entered against the Defendants ("Judgment"). On October 19, 2009, the Defendants filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. The very same day, counsel for the Clarks sent a copy of the judgment to the Superior Court Judgment Unit in Trenton to be abstracted and docketed pursuant to N.J. Ct. R. 4:101-1.[1] The Judgment was not docketed and recorded until January 5, 2010. (Pls.' Br. In Opp. of Mot. For Part. Summ. J., p. 2) ("Pls.' Br."). The Debtors argue that the lien was perfected when the Judgment was docketed in Trenton on January 5 and is therefore void because it was perfected post-petition and in violation of the automatic stay. The Plaintiffs, however, contend that a valid statewide lien on real estate was created pre-petition at the time of entry of judgment in the state court on October 9, 2009.

---

[1] N.J. Ct. R. 4:101-1 "Abstracts to be Entered" reads: (a) Entry on Civil Judgment and Order Docket. Upon payment by the proponent of the order or judgment of the fee prescribed by N.J.S.A. 22A:2-7, the Clerk of the Superior Court or, where provided by law or these rules, the deputy clerk of the Superior Court in the county of venue shall enter in the Civil Judgment and Order Docket an abstract of each judgment or order for the payment of money entered in the Superior Court; and upon written notice by any party thereto pursuant to law, an abstract prepared by such party of any judgment or order affecting title to or a lien upon real or personal property, and an abstract of any judgment or order for costs and counsel fees entered by the Appellate Division of the Superior Court.

Page 3
June 29, 2011

On August 24, 2010, the Defendants' counsel wrote to the Plaintiffs' counsel and demanded that the judgment lien be vacated. (Pls.' Br., p. 3). Clarks' counsel refused to do so contending that the lien was entered before the petition date and therefore did not violate the automatic stay. *Id.* On March 24, 2011, the Defendants' counsel again requested that the Clarks voluntarily vacate the lien. The Clarks maintained their position that a judgment lien was created pre-petition. The motion for summary judgment was then filed to void the lien on Debtors' real property.

## **DISCUSSION**

### I. Time From Which a Judgment Binds Real Estate

N.J.S.A. § 2A:16-1 establishes the point in time at which a judgment becomes a lien upon real estate. *Brescher v. Gern, Dunetz, Davison & Weinstein, P.C.,* 245 N.J. Super. 365, 369, 585 A.2d 961, 963 (N.J. Super. Ct. App. Div. 1991). It provides in pertinent part: "No judgment of the Superior Court shall affect or bind any real estate, but from the time of the actual entry of such judgment on the minutes or records of the Court." *Brescher,* 245 N.J. Super. at 369, 585 A.2d at 963; *See also Gibau v. Klein,* 329 N.J. Super. 227, 231, 747 A.2d 316, 318 (N.J. Super. Ct. App. Div. 2000); *Jones v. Parker*, 107 N.J. Super. 235, 240, 258 A.2d 26, 29 (N.J. Super. Ct. App. Div. 1969). To implement perfection, N.J.S.A. § 2A: 16-11 mandates that the Clerk of the Superior Court maintain a book recognized as "a civil judgment and order docket" that provides a record of previous judgments and perfects judgment liens.

Under New Jersey law, the lien on property that is granted to a judgment creditor is "purely statutory." *Lever v. Thomas*, 340 N.J. Super. 198, 203, 774 A.2d 511, 514 (N.J. Super. Ct. App. Div. 2001); *See also Brescher,* 245 N.J. Super. at 369, 585 A.2d at 963. It arises "only by virtue of a properly docketed judgment." *Lever,* 340 N.J. Super. at 203, 774 A.2d at 514. A final judgment entered in the Superior Court of New Jersey that is subsequently *docketed* with the Superior Court "is a lien upon all real property owned by the judgment debtor that is located within this state." *Matter of Clifton*, 35 B.R. 785, 786-87 (Bankr. D.N.J. 1983) (emphasis added).

The New Jersey Superior Court Appellate Division has recognized the distinction between the "signing and entering" of judgments by the trial court and the "filing, recording and docketing" of such judgments. *Brescher,* 245 N.J. Super. at 371, 585 A.2d at 964. Such distinction is important when considering the laws of conveyancing and real property, as it prevents "impairment of titles." *Id*. The *Brescher* court stated that the docketing of a judgment for lien purposes is effectuated when a notation is made in the civil docket kept by the Clerk of the Superior Court in Trenton. *Id.* The court cited *Tuohey v. Fall,* 91 N.J. Super. 252, 254, 219 A.2d 883, 885 (N.J. Super. Ct. App. Div. 1966) for the long-standing acknowledgment that the

Page 4
June 29, 2011

"docketing" in Trenton is the critical act in perfecting a judgment lien against real property throughout New Jersey. *Id.*

In the present case, the Plaintiffs argue that pursuant to N.J.S.A. 2A:16-1, the lien was created when the Judgment was entered on October 9, 2009, ten (10) days prior to the chapter 7 filing. However, under New Jersey Law, the lien was not perfected until it was docketed in Trenton on January 5, 2010, and was therefore not effective against bona fide purchasers of the Defendants' real property at the time the bankruptcy petition was filed on October 19, 2009.

## II. The Automatic Stay

A bankruptcy petition operates as an automatic stay of all efforts, aside from those which are statutorily excepted, to enforce or collect pre-petition debts. 11 U.S.C. § 362(a)-(b). The stay is effective immediately upon the filing of the petition and no particular notice need be given in order to subject a creditor to the stay. *See ACandS, Inc. v. Travelers Cas. & Sur. Co.,* 435 F.3d 252, 259 (3d Cir. 2006). "This respite enables debtors to resolve their debts in a more orderly fashion." *See In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994).

Actions taken in violation of the automatic stay are void. *In re Meyers,* 491 F.3d 120, 127 (3d Cir. 2007); *In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994); *Raymark Indus., Inc. v. Lai*, 973 F.2d 1125, 1131 (3d Cir. 1992); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991). Although purely ministerial or clerical acts, such as the entry by the clerk of a judgment previously ordered, are not stay violations, *see Soares,* 107 F.3d at 969; *Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522 (2d Cir. 1994), the entry of a judgment on the judgment docket, and the resultant perfection of the judgment lien, is a violation of the automatic stay. 11 U.S.C. § 362(a)(4), (5); *see* 3 COLLIER ON BANKRUPTCY ¶ 362.03[3][e] (Alan N. Resnick & Harry J. Sommer eds., 16th ed.).

Here, the Clarks obtained a judgment against the Defendants prior to the petition date. Quite clearly, the automatic stay was not in effect at that time. When the Clarks submitted the judgment to the Superior Court Judgment Unit in Trenton ten (10) days later, they apparently did not have notice of the Defendants' bankruptcy filing, so that action cannot be termed a willful violation of the automatic stay. In fact, it is impossible for the Court to determine whether the bankruptcy filing or the submission of the Judgment occurred first. In any event, the exact timing is immaterial because, without notice of the petition, the Clarks' conduct was neither willful nor undertaken in bad faith.

The Defendants, however, assert that the Clarks' subsequent failure to voluntarily vacate the judgment lien, after being advised that the perfection was in violation of the stay, was in bad faith and constitutes a willful violation of section 362(a)(5). Pursuant to 11 U.S.C. § 362(k)(1), "an individual injured by any *willful* violation of a stay provided by this section shall recover

Page 5
June 29, 2011

actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." (emphasis added). Under § 362(k), an award of damages must carry with it sufficient factual foundation. *See* 3 COLLIER ON BANKRUPTCY ¶ 362.12[3] (Alan N. Resnick & Harry J. Sommer eds., 16th ed.). Once a creditor becomes aware of the filing of a bankruptcy petition as well as the automatic stay, any *intentional* act that violates the automatic stay is considered "willful." (emphasis added). *In re Johnson,* 501 F.3d 1163 (10th Cir. 2007); *Brown v. Chesnut,* 422 F.3d 298 (5th Cir. 2005); *Fleet Mortgage Group, Inc. v. Kaneb,* 196 F.3d 265 (1st Cir. 1999); *In re Landsdale Family Resturants, Inc.,* 977 F.2d 826, 829 (3d Cir. 1992) (stating an act done intentionally with knowledge of a previous bankruptcy petition is a willful violation of the stay.).

The Debtors assert that the Clarks' refusal to comply with their demands that appropriate paperwork be filed to discharge or vacate the post-petition docketing on January 5, 2010 is in violation of the automatic stay. However, the Court finds that the Clarks inadvertently violated the automatic stay by subsequently docketing and perfecting their judgment lien and that the Defendants have suffered no real injury as a result. Thus, Plaintiffs' refusal to discharge the Judgment, after becoming aware of the filing, does not constitute a willful violation and the Debtors are not entitled to damages or attorney fees incurred in bringing this motion.

## **CONCLUSION**

The Judgment entered on October 9, 2009 was not perfected until it was docketed by the Clerk of the Superior Court Judgment Unit in Trenton. This act occurred post-petition, violated the automatic stay, and is therefore void. Accordingly, the Defendants' motion is granted. As noted above, the Court finds that the stay violation was inadvertent and no damages are awarded.

An Order in conformance with this Opinion has been entered by the Court and is attached hereto.

Very truly yours,

*s/ Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure